UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

LEON SMITH,

                             Plaintiff,

          -against-

CITY OF NEW YORK, N.Y.C. OISHEA PASCHALL,
SUED INDIVIDUALLY AND IN HER OFFICIAL
CAPACITY,

                             Defendants.

------------------------------------------------------------------------ X

**ANSWER OF DEFENDANTS CITY AND PASCHALL**

07 Civ. 5455 (PAC)

JURY TRIAL DEMANDED

        Defendants City of New York ("City") and Officer Dishea Paschall ("Paschall"),[1] by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.    Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2.    Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action, to invoke the jurisdiction of the Court, and to base venue as stated therein.

        3.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

        4.    The allegations set forth in paragraph "4" of the complaint constitute legal conclusions rather than averments of fact to which no response is required.

---

[1] Defendant Paschall's first name is Dishea, not "Oishea."

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that the City of New York maintains a police department and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department ("NYPD").

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint, except admit that the NYPD provides training.

7. Deny the allegations set forth in paragraph "7" of the complaint.

8. Deny the allegations set forth in paragraph "8" of the complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint, except admit that plaintiff was stopped and asked to produce identification.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that plaintiff was informed there was a warrant for his arrest.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Admit the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint, except admit that plaintiff purports to proceed as stated therein.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. In response to the allegations set forth in paragraph "26" of the complaint, defendants City and Paschall repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. In response to the allegations set forth in paragraph "30" of the complaint, defendants City and Paschall repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. In response to the allegations set forth in paragraph "35" of the complaint, defendants City and Paschall repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

40. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

41. Defendants City and Paschall have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

42. Defendant Paschall has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

43. At all times relevant to the acts alleged in the complaint, defendant Paschall acted reasonably in the proper and lawful exercise of his discretion.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

44. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendants City or Paschall.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

45. Punitive damages cannot be assessed against defendant City.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

46. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

47. Plaintiff provoked any incident.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

48. There was probable cause for plaintiff's arrest.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

49. This action may be barred in whole or in part by the applicable statute of limitations.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

50. This action may be barred, in whole or in part, by the doctrines of *res judicata* and or collateral estoppel.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

51. This action may be barred, in whole or in part, by the doctrines of *res judicata* and or collateral estoppel.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

52. This action may be barred, in whole or in part, for plaintiff's failure to comply with the conditions precedent to suit.

**WHEREFORE,** defendants City and Paschall request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:       New York, New York
             September 3, 2007

>                    MICHAEL A. CARDOZO
>                    Corporation Counsel of the
>                      City of New York
>                    Attorney for Defendants City and Paschall
>                    100 Church Street, Room 3-153
>                    New York, New York 10007
>                    (212) 788-1298
>
>                    By:           /S/
>                         Douglas W. Heim (DH 5238)
>                         Assistant Corporation Counsel

**DECLARATION OF SERVICE BY MAIL**

I, Douglas W. Heim, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on September 4, 2007, I served the annexed Answer to Plaintiff's June 8, 2007 Complaint upon the following plaintiff of record by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said plaintiff at the address set forth below, being the address designated by said plaintiff for that purpose:

    Steven A. Hoffner, Esq.
    Law Office of Steven Hoffner
    350 Broadway, Suite 1105
    New York, NY 10013


Dated:    New York, New York
           September 4, 2007


                                                  /S/
                                        Douglas W. Heim
                                        Assistant Corporation Counsel